## Bengal and Youngwood Pharmacy *v.* State Board of Pharmacy.

Argued May 6, 1971, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

348

*Thomas R. Ceraso,* with him *Scales, Shaw, Lyons & Ceraso* and *Thomas D. Caldwell, Jr., Caldwell, Clouser & Kearns,* for appellant.

*Walter W. Wilt,* Assistant Attorney General, with him *Fred Speaker,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, July 12, 1971:

This is an appeal by John Bengal, individually and trading as Youngwood Pharmacy, from an adjudication and order of the State Board of Pharmacy which suspended his pharmacy permit for a period of 90 days and his pharmacy license for a period of one year. A supersedeas was granted when this appeal was filed.

Appellant filed nine exceptions to the adjudication and order but has abandoned all but those that raise the following three issues:

(1) Was due process denied appellant when he was not afforded an opportunity to file a brief with the Board and to have oral argument prior to adjudication?

(2) Was the Board correct when it found as a fact that the drugs appellant dispensed without prescription were dangerous drugs?

(3) Was the order of the Board unduly harsh and unreasonable in the severity of the suspensions?

We need consider only the first of these exceptions, i.e., appellant did not have an opportunity to file a brief with the Board prior to its order. For this reason, and this reason alone, we must remand the case to the Board to give appellant an opportunity to file a brief and, if the Board will hear it, to present oral argument upon the substantial issues.

Nothing could be clearer than the mandatory provision of the Administrative Agency Law with regard to briefs: "All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues may be heard by the agency." Act of June 4, 1945, P. L. 1388, sec. 33, 71 P.S. 1710.33.

Appellant had sufficient notice of the violation with which he was charged and the date and place where a hearing would be held. He does not complain that any restrictions were placed upon his presentation of evidence or his right to cross-examine. A stenographic record was kept and a full and complete record was made of the proceedings. The one statutory requirement which was omitted was that which related to an opportunity to submit briefs prior to adjudication. This is a substantial right and one that is very important to appellant and others under similar circumstances, hence its specific inclusion in the Administrative Agency Law.

In many cases, and in this case particularly, less than the full Board is present at the hearing. The only opportunity that the law requires be afforded the appellant to plead his case to the very people who will decide it, i.e., the State Board of Pharmacy, is by brief since some of the Board members were not present at the hearing. *Foley Bros., Inc. v. Department of Highways,* 400 Pa. 584, 163 A. 2d 80 (1960); *Davidson v.*

*Unemployment Compensation Board of Review,* 189 Pa. Super. 543, 151 A. 2d 870 (1959). These two cases and the cases cited therein make it quite clear that the opportunity to file briefs is not only a statutory requirement but, in the alternative, a constitutional due process requirement. *Morgan v. U.S.,* 298 U.S. 468, 481 (1936) ("Argument may be oral or written.").

The sole issue remaining is whether appellant has been afforded his right to file a brief and has waived it because he did not file a specific request. As to oral argument, this would be true. *See Davidson v. Unemployment Compensation Board of Review,* 189 Pa. Super. 543, 151 A. 2d 870 (1959). We do not think the same rule obtains with regard to the statutory right to file a brief. According to appellant, undenied by the record or by appellee, following the hearing on August 6, 1969, the appellant made the usual routine request that he be notified by the reporter when the testimony was transcribed and filed. Appellant asserts, again undenied by the record or otherwise, that the next word he received was on December 10, 1969 that the adjudication and order had been filed on October 20, 1969! (That the appellant's attorney was attentive to his responsibilities in this case is indicated by the fact that this appeal was filed on December 23, 1969, 13 days after receiving notice of the adjudication and order being filed). The Board does not provide, by rule or otherwise, a time limit within which briefs must be filed. If it did, it would seem that prudence would dictate that the time would begin with the date on which the parties are notified that the testimony has been transcribed and filed. We commend to the consideration of the Board the adoption of such a procedure. Without such a procedure, in order for the right to file a brief to be meaningful, the record must show that the appellant had been notified that the Board

was in a position and was about to make its decision without a brief from appellant.

The order of the State Board of Pharmacy is set aside and this case is remanded to the Board to give appellant a reasonable length of time to file a brief and, if the Board will permit, to fix a date when oral argument may be heard by it on the substantial issues in this case.