Nelson, et al. *v.* Smith.

Argued May 10, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*Robert G. Rose*, with him *Spence, Custer, Saylor, Wolfe & Rose*, for appellants.

*James S. Routch*, with him *Merle K. Evey* and *Patterson, Evey, Routch & Black*, for appellee.

OPINION BY JUDGE MENCER, June 11, 1973:

Celia Smith (claimant), while doing housecleaning in the home of D. J. Nelson and Ruth Nelson, his wife, fell down the stairway leading from the kitchen to the basement of the Nelson residence. Claimant filed for workmen's compensation against D. J. and Ruth Nelson, trading as Nelson's Homes of Claysburg, Inc., and their compensation carrier, Pennsylvania National Mutual Casualty Insurance Company (Nelsons), and alleged various physical injuries resulting from the accidental fall which she had suffered on May 10, 1969.

Following a hearing, the Workmen's Compensation Referee concluded that the claimant was not in the course of her employment with Nelson's Homes of Claysburg, Inc., at the time she fell on May 10, 1969 and therefore not entitled to compensation. Claimant appealed to the Workmen's Compensation Appeal Board (Board) from the Referee's disallowance, and the Board heard the appeal on May 20, 1971.[1] It is asserted by counsel for the Nelsons, and not disputed by claimant's counsel, that he requested, and was granted, leave by the Board to file a brief on Nelsons' behalf within five days after receipt of claimant's brief.[2]

_____

[1] The record does not disclose what happened at that hearing and apparently no evidence was taken by the Board.

[2] The testimony at the hearing before the Referee had not been transcribed as of the time of the hearing before the Board and neither party had prepared briefs for the Board.

The record discloses that nothing further happened until the appointment in January 1972 of an entirely new board and, since the prior board had not filed an opinion, the new board extended the parties an opportunity to reargue the case. Further, the record does disclose that by letter of February 28, 1972, Nelsons' counsel responded to the new board's offer to permit reargument by stating the following: "On behalf of the Defendant, I do not desire a reargument. However, the Claimant and Appellant has not yet filed a Brief in the case. At the original argument I was given five days after Claimant's Brief to file our Brief."

This response from the attorney for Nelsons was received by the Board on March 1, 1972. Nothing happened further until November 8, 1972, when the Board filed an opinion and made an award to the claimant and thereby reversed the Referee's disallowance. Nelsons timely took this appeal from the Board's award to claimant.

Nelsons have raised several substantial questions in this appeal but, because of the disposition that we make here, we will only consider the contention that the Board erred in deciding this case without affording the Nelsons the opportunity to submit a brief in accordance with the prior board's grant of permission.

We were confronted with a nearly identical situation in *Bengal v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 279 A. 2d 374 (1971). We stated in *Bengal* that "[n]othing could be clearer than the mandatory provision of the Administrative Agency Law with regard to briefs: 'All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues may be heard by the agency.' Act of June 4, 1945, P. L. 1388, sec. 33, 71 P.S. §1710.33." 2 Pa. Commonwealth Ct. at 349, 279 A. 2d at 375.

We believe the factual situation in the instant case is even more compelling for our ruling today. In *Bengal,* counsel, following the hearing, made a routine request that he be notified by the reporter when the testimony was transcribed and filed. Counsel made no specific request to the Board. Here counsel requested and was granted permission by the Board to file a brief five days after receipt of claimant's brief. Further, this was made known to the new board more than eight months before its decision was rendered, and it made that decision without having heard argument, oral or written, from either party. In doing so, the Board deprived itself of the benefit of Nelsons' legal argument as to whether claimant was within the scope of her employment at the time of her accident. Also, the Board's opinion indicates that it understood that claimant's total disability was "admitted" by the Nelsons. The pleadings, transcript of testimony, and record appear silent on this point. Therefore, a brief for the Nelsons might well have been helpful to the Board in this regard. More important, however, is the recognition that the opportunity to file a brief is a right which the Nelsons are given by statute. *Bengal v. State Board of Pharmacy, supra.*

### Order

Now, this 11th day of June, 1973, the award of the Workmen's Compensation Appeal Board, docketed November 8, 1972, is hereby set aside, and this case is remanded to the Board to give D. J. and Ruth Nelson, trading as Nelson's Homes of Claysburg, Inc., and Pennsylvania National Mutual Casualty Insurance Company, a reasonable length of time to file a brief and, if the Board will permit, to fix a date when oral argument may be heard by it on the substantial issues in the case.