Richard C. McManus and Workmen's Compensation Appeal Board *v.* Rochester & Pittsburgh Coal Company, Old Republic Companies and Commonwealth of Pennsylvania. Rochester & Pittsburgh Coal Company and Old Republic Companies, Appellants.

Argued October 25, 1976, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*George H. Thompson,* with him *Michael D. McDowell,* and *Hirsch, Weise & Tillman,* for appellants.

*Eugene A. Creany,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, February 17, 1977:

The Rochester & Pittsburgh Coal Company (appellant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of total disability benefits to Richard C. McManus. He claimed such benefits because of an occupational disease allegedly compensable under The Pennsylvania Workmen's Compensa-pensation Act[1] (Act).

McManus, a coal miner employed by the appellant for approximately thirty-six years, filed his claim petition on July 15, 1974, alleging that he was totally disabled as a result of coal worker's pneumoconiosis. At the referee's hearing, McManus testified that he had been x-rayed at the mines sometime in 1972, and had then been informed that he had black lung disease.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

As a result, he said, he was given a job which supposedly exposed him to a lesser amount of coal dust. On January 12, 1973, he was again told by a doctor, who treated him during a period of illness, that he was suffering from black lung disease, but this doctor also told him that he could go back to work. McManus continued his work in the mines until September 28, 1973, which was his last day of employment. Nearly eight months later, on May 20, 1974, he was examined by still another physician who concluded that he was "totally and permanently disabled because of pneumoconiosis, coal worker's type." It was after that incident, that he notified his employer and filed his claim for benefits.

The referee made the following pertinent findings of fact which were affirmed by the Board:

2. Claimant was in the employ of the defendant from 1937 to September 28, 1973 and has not worked anywhere since that date.

3. Claimant became totally disabled on May 20, 1974 as a result of pneumoconiosis due to his exposure in the coal mining industry.

. . . .

5. Claimant served notice of his disability on the above defendant on July 10, 1974.

The sole issue raised by the appellant is whether or not McManus gave timely notice of his disability as required by Section 311 of the Act, 77 P.S. §631:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, *unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall*

*be allowed.* However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, *the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term *'injury'* in this section *means, in cases of occupational disease, disability resulting from occupational disease.* (Emphasis added.)

We have held that, for purposes of this section, the computation of time for giving notice of an occupational disease runs from the date that a claimant: (1) is disabled, and (2) either knows or should know through the exercise of reasonable diligence of the possible relationship between the disability and his employment. *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977).

At the referee's hearing, the appellant's attorney moved to have the claim petition dismissed for failure to give timely notice in light of McManus' admission that he had been told by a doctor in January 1973 that he had black lung disease. The referee, however, failed to rule on this motion and, unfortunately, did not make any findings at all relevant to a determination of whether or not McManus knew or should have known the relationship between his disability and his work in the mines when he stopped working on September 28, 1973.

Our Supreme Court has previously held that necessary findings must be made by the referee, and that the reviewing court may not infer from the absence thereof that the issue was resolved in favor of the

party who prevailed below. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). We believe, therefore, that a remand is necessary here so that the fact-finder may make the findings required for a meaningful appellate review. *Phillips v. North American Coal Company,* 27 Pa. Commonwealth Ct. 103, 365 A.2d 453 (1976) ; *Zacek v. Republic Steel Corporation,* 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976), and we will so order.

### ORDER

AND Now, this 17th day of February, 1977, the record in this case is remanded to the Workmen's Compensation Appeal Board which shall direct that a proper adjudication be conducted by a referee in which all necessary and proper findings of fact and conclusions of law are made, or, in the alternative, the Board shall itself take additional evidence and thereafter enter a proper adjudication pursuant to Section 423 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §854.