Jones & Laughlin Steel Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Michael Buljat and Commonwealth of Pennsylvania, Respondents.

Argued September 29, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*C. Jerome Moschetta,* with him *Sandra S. Christianson,* Assistant Attorney General, and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., November 14, 1978:

Petitioner-employer (employer) has appealed an order of the Workmen's Compensation Appeal Board (Board) affirming the decision by a referee awarding benefits to respondent-claimant (claimant) for full disability due to anthracosilicosis. We affirm.

Claimant worked continuously in soft-coal mines for approximately 32 years before his last day of work on July 3, 1973. During his last 4 or 5 years in the mines, claimant performed lighter duties than those normally performed by miners having the same job. On August 16, 1974, following a medical examination, claimant was advised by his doctor for the first time that his breathing difficulties were the result of anthracosilicosis and that he was totally and permanently disabled as a result of his exposure to

dust in the mines. Claimant, by certified registered mail, gave notice of this disability to his employer on September 4, 1974. Claimant has not worked since July 3, 1973.

In this appeal the employer asks us to consider two issues: (1) can claimant's one-day exposure on July 3, 1973 suffice to bring this case within the meaning of Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2), and (2) did claimant comply with the notice of disability requirements imposed by Section 311 of the Act, 77 P.S. §631.

Employer's first argument requires that we again take a look at the requirements imposed by Section 301(c)(2) of the Act, 77 P.S. §411(2), which reads in pertinent part:

The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole *or in part* from the employe's exposure to the hazard of occupational disease after June 30, 1973. . . . (Emphasis added.)

It is undisputed that claimant worked a full day on July 3, 1973, such day being the only one after June 30, 1973 on which he did work. The employer would have us interpret this section as requiring that the claimant show a causal relationship between the one day of post June 30, 1973 exposure with some demonstrable portion of his injury. This we will not do. The doctor who examined the claimant on August 16, 1974 stated that, in his opinion, claimant was "totally and permanently disabled on the basis of the above pulmonary diagnoses and that they have occurred as the result of his *total and cumulative* exposure to dust in the mines."[1] (Emphasis added.)

---

[1] Reproduced Record page 38a.

Thus, where as here, we have a claim setting out an occupational disease as the basis for receiving benefits under the Act we believe it proper to carry to its logical end our holding in *Workmen's Compensation Appeal Board v. Commonwealth*, 19 Pa. Commonwealth Ct. 499, 502, 338 A.2d 758, 760 (1975), where this Court stated:

> The Commonwealth further argues that a specific finding by the referee of the causal relationship between claimant's exposure after June 30, 1973, and the disability is required to sustain the award. We disagree. Since the medical testimony is that the total exposure caused the disability, and since part of that total exposure occurred after June 30, 1973, it is axiomatic that the disability resulted in part from the exposure after June 30, 1973. We hold that an exact finding of the causal connection broken down by dates is not necessary.

For the remaining issue, timeliness of notice of disability, this Court, speaking through Judge MENCER in *Industrial Services Contracting, Inc. v. Wilson*, 28 Pa. Commonwealth Ct. 83, 91, 367 A.2d 377, 381 (1977) set out the appropriate test:

> An individual is not disabled within the liberally construed meaning of Section 311 until he is disabled and either knows or should know through the exercise of reasonable diligence of the existence of the disability and its possible relationship to his employment. . . . [C]laimant here was finally advised in October 1974 that he was *totally and permanently* disabled by the pneumoconiosis. Accordingly, the 120-day limitation began to run at this point and not sometime in 1973. (Emphasis in original.)

*See also Workmen's Compensation Appeal Board v. Republic Steel Corp.*, 31 Pa. Commonwealth Ct. 301,

375 A.2d 1369 (1977); *McManus v. Rochester & Pittsburgh Coal Co.*, 29 Pa. Commonwealth Ct. 91, 368 A. 2d 1365 (1977).

According to claimant's testimony, and as a fact found by the referee, August 16, 1974 marks the date on which claimant initially became aware of the nature and extent of his disability. Measured from this date, the September 4, 1974 notice given by claimant was well within the Act's 120-day limitation.

Employer emphasizes especially the fact that the claimant had, in 1970, filed for Black Lung benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §801 et seq. to demonstrate that claimant knew of his disability well before August 16, 1974, making his notice untimely. Accepting this line of argument would require the Court to adopt the proposition that someone can be totally disabled yet continue to work at his current job. Logic commands our rejection of such a notion.

As there was no evidence adduced before the referee or Board to require a finding that claimant was *and* knew or should have known he was disabled due to anthracosilicosis prior to August 16, 1974 we cannot disturb that date as the proper starting point for measuring 120 days. Thus the referee's finding that claimant gave timely notice as required by the Act is supported by the evidence in the record.

Accordingly, we will enter the following

ORDER

AND Now, November 14, 1978, the order of the Workmen's Compensation Appeal Board at A-72569, dated October 27, 1977 affirming the referee's award of compensation to claimant is hereby affirmed and it is ordered that judgment be entered in favor of the claimant, Michael Buljat, and against the petitioner, Jones & Laughlin Steel Corporation, self-insured,

in the sum of $50.00 per week and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, in the sum of $50.00 per week, both beginning on August 16, 1974, with interest on deferred payments of compensation at the rate of 10 per cent per annum and with attorney's fees to be paid from the first lump sum amount due, all in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.