Duquesne Light Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edward Kraft, Respondents.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*John A. Lee*, attorney for petitioner.

No appearance for respondent.

OPINION BY JUDGE MACPHAIL, July 17, 1980:

Duquesne Light Company has appealed from an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's decision to award Edward Kraft (Claimant) workmen's compensation benefits for total disability due to coal miner's pneumoconiosis.

The 64 year-old Claimant was last employed in the bituminous coal mining industry in Pennsylvania by the Duquesne Light Company (Employer), from November 20, 1939, until January 2, 1976. On February 6, 1976, Claimant was examined at the Centerville Clinic, Fredericktown, by Dr. David White, who found that Claimant was totally and permanently disabled due to coal worker's pneumoconiosis. Claimant testified at the hearings before the referee that he was never notified of the results of Dr. White's examination by Dr. White or anyone until November 15, 1976, at which time he

was informed of the diagnosis by Mr. McIlvaine, his attorney, upon Claimant's initial visit to the attorney's office. November 15, 1976, also marked the date when Claimant's attorney gave notice of Claimant's injury to Employer.

The referee was also presented with evidence which conflicted with Claimant's testimony that the results of his examination were never disclosed to him prior to November 15, 1976. Dr. White testified that he customarily gives a patient his diagnosis immediately following an examination. In addition, Chester Walters, benefits counselor at the Centerville Clinic, testified that he conducted a follow-up interview of Claimant on March 2, 1976, at which time he explained to Claimant that, according to Dr. White's report regarding the examination of February 9, Claimant was considered totally disabled by pneumoconiosis. Although Mr. McIlvaine contends that he did not begin to act as Claimant's attorney until November 15, 1976, Employer submitted evidence to the referee showing that on March 11, 1976 Mr. Walters sent a copy of that report to Mr. McIlvaine. That letter also states that Claimant was advised by Mr. Walters that he (the Claimant) would be contacted *by Mr. McIlvaine* for the purpose of filing a petition.

Upon completion of the hearings, the referee made the following pertinent findings of fact, which were affirmed by the Board:

6. Based upon sufficient, competent and credible medical evidence of record in this case from Dr. David A. White, who examined claimant, your Referee finds as a fact that on February 9, 1976, claimant, Edward Kraft, became totally and permanently disabled due to coal worker's pneumoconiosis....

7. The claimant was exposed to dust in coal mines during his employment ... and it is

presumed that the claimant's occupational disease arose out of and in the course of his employment in the coal mining industry. This presumption was not rebutted by defendants.

8. Claimant *did not learn* that he was totally and permanently disabled from coal worker's pneumoconiosis until November 15, 1976, at which time his attorney gave notice of claimant's disability to the defendant-employer. Notice was given within 120 days from the date claimant *learned* that he was disabled from coal worker's pneumoconiosis (emphasis added).

On appeal to us Employer raises two issues: 1) whether or not Claimant or those acting in his behalf *should have known* before November 15, 1976, that Claimant was disabled from pneumoconiosis; and 2) whether or not the referee failed to provide Employer with a full and fair hearing by refusing to allow Employer to cross-examine witnesses regarding notice of disability and filing for federal black lung benefits, and by denying Employer the opportunity to present all of its evidence.

Timeliness of a claimant's notice of his disability to his employer is mandatory for recovery of workmen's compensation benefits. *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975). Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631, sets forth specifically the time limitation on notice of injury to the employer and when the time for giving notice shall begin to run.

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within

twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, *in cases of injury resulting from* ionizing radiation or *any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease (emphasis added).

This Court has held that for purposes of this section, the computation of the 120 day time limit for giving notice of an occupational disease runs from the date that a claimant "(1) is disabled, and (2) either knows or should know through the exercise of reasonable diligence of the possible relationship between the disability and his employment." *McManus v. Rochester and Pittsburgh Coal Co.*, 29 Pa. Commonwealth Ct. 91, 94, 368 A.2d 1365, 1367 (1977).

Though the referee in this case made the finding of fact that Claimant *did not learn* that he was disabled by coal worker's pneumoconiosis until November 15, 1976, the referee did not make a finding of when Claimant *should have known* by exercise of reasonable diligence of the existence of Claimant's disability and its relationship to Claimant's prior employment. (Whether others acting in Claimant's behalf should have known of Claimant's disability is irrelevant to the time for giving notice under Section 311 of the Pennsylvania Workmen's Compensation Act.)

As the reviewing court, we cannot infer from the absence of such a finding that the issue was resolved in favor of the party who prevailed below, *McManus, supra.* The credibility of the evidence on this point is for the referee to determine. Thus we hold that where, as here, there is evidence in the record that Claimant, if he had exercised reasonable diligence, may have acquired such knowledge from which a referee could find that Claimant *should have known* of his disability and its causal relationship to his employment prior to the time Claimant testifies he first *knew* those facts, a finding by the referee of when Claimant *should have known* of his disability and its causal relationship to his employment is necessary for our review.

In response to Employer's second argument, we find that Employer was denied a full and fair hearing by the referee's refusing to fully allow Employer to cross-examine witnesses regarding notice of disability and to cross-examine Claimant regarding his filing for federal black lung benefits.

Though a referee, like a trial judge, may limit cross-examination at hearing, *First National Bank of Pike County v. Department of Banking,* 7 Pa. Commonwealth Ct. 603, 300 A.2d 823 (1973), reasonable cross-examination shall be permitted. Administrative Agency Law, 2 Pa. C.S. §505. We believe Employer through its counsel was denied its right to conduct reasonable cross-examination, when the referee refused to grant Employer the opportunity to cross-examine Claimant about his conversations with work supervisors regarding Claimant's health. This line of questioning was relevant to the issue of Claimant's notice of his disability and should have been permitted, especially in light of the fact that Claimant's counsel later was permitted questioning along the same lines.

Secondly, although the fact that one has applied for federal black lung benefits is not conclusive proof

that a claimant had knowledge of his disability for purposes of Pennsylvania Workmen's Compensation, *see Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 292, 395 A.2d 322 (1978), cross-examination on the subject is reasonable, for it may have some bearing on the issue of notice. It is provided in the Administrative Agency Law that at an agency hearing, "all relevant evidence of reasonably probative value may be received." 2 Pa. C.S. §505. Therefore, Employer should have been permitted cross-examination of Claimant concerning his application for federal black lung benefits.

Was Employer improperly denied the opportunity to submit all its evidence and arguments? At the last hearing, the referee gave Employer leave to submit medical reports and a brief prior to an adjudication by the referee. However, the referee closed the case and made his decision, without the receipt of the reports and brief and with no apparent notice of the closing to either party. This procedure seems contrary to the provisions of the Administrative Agency Law (which acts to protect parties' due process rights to a full and fair hearing), specifically 2 Pa. C.S. §505, mentioned above, which permits all relevant evidence to be received at the agency hearing, and 2 Pa. C.S. §506, which guarantees that "[a]ll parties shall be afforded opportunity to submit briefs prior to adjudication by a Commonwealth agency."

Although the referee reached his decision before receiving the medical records and brief which Employer was permitted to submit subsequent to the last hearing, we would not remand for this reason alone in view of the time lag of greater than three months between the time of the referee's announcement regarding the acceptance of further medical reports and briefs and the time of the referee's written decision. Three months seem ample time for the

Employer to have submitted its additional medical records and brief. However, since we shall remand this case for a further hearing because Employer was effectively denied a full and fair hearing by being restricted in its cross-examination, we shall also permit the parties to submit any medical records and briefs which the referee desires to consider.

Therefore, we remand this case to the referee for further hearing, followed by his rendering of a decision which includes a further finding of fact on the issue of when Claimant *should have known* of his disability.

## ORDER

AND NOW, this 17th day of July, 1980, the Order of the Workmen's Compensation Appeal Board, dated February 1, 1979, is reversed and the case remanded to the referee for a further hearing which allows complete direct and cross-examination on the issue of notice of disability, including Claimant's application for federal black lung benefits. The referee shall consider all medical records and briefs presented, which the parties are given leave to submit by the referee. The referee's subsequent decision shall include a finding of fact on the issue of when Claimant should have known of his disability and its causal relationship with his employment.