Township of Newtown, Petitioner *v.* Workmen's Compensation Appeal Board (Thomas Newby, III), Respondents.

Argued April 4, 1983, before Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*John P. Knox*, with him *David R. Weyl*, *Timoney, Knox, Hasson & Weand*, for petitioner.

*Leonard V. Tenaglia*, with him *Michael A. Paul* and *Howard Richard*, *Richard, DiSanti, Hamilton, Gallagher & Paul*, for respondent, Thomas Newby, III.

OPINION BY JUDGE ROGERS, May 26, 1983:

The claimant in this workmen's compensation case filed a claim petition for disability resulting from a bout of angina pectoris allegedly suffered in the course of his employment on June 12, 1979. The case moved at a leisurely pace. Between August 16, 1979 and March 24, 1980, hearings were conducted at which testimony was taken. Hearings were scheduled for June 11, 1980, August 14, 1980 and October 27, 1980 but no testimony was taken at any of them. A referee awarded benefits and the Workmen's Compensation Appeal Board affirmed. The employer has appealed raising four questions, three contesting the claimant's entitlement to compensation and the fourth complaining that it, the employer, was not provided a fair hearing before the referee. Because we decide this appeal on the fourth issue, and remand the record for

further proceedings, we do not decide the three questions on the merits.

As noted, these proceedings began in June, 1979 and the last hearing was scheduled for October 27, 1980. On February 27, 1981, the employer's counsel wrote a letter to the referee, with copy to counsel for the claimant, in which, after observing that the claimant had filed proposed findings of fact, conclusions and a memorandum of law, he informed the referee that counsel for the parties had "been exploring avenues for an amicable disposition" of the case and that he "would appreciate, very much, having one month from now" to prepare his proposed findings, conclusions and memorandum. The closing paragraph of the letter is as follows:

> Accordingly I will have my findings, etc. either on or before the end of March, 1981. If we have some other disposition of the case in the meantime, we will, of course, be in touch with you.

The date on which the claimant's proposed findings, conclusions and memorandum were filed does not appear in the record.

Neither the referee nor the claimant's counsel responded to the letter of February 27, 1981. The asserted fact that the parties were negotiating is not denied by the claimant and there is nothing in the record or the written arguments presented to us suggesting that either the referee or claimant's counsel objected to the employer's counsel's request that he have until the end of March to file his request for proposed findings, conclusions and memorandum. Before the employer's counsel filed his findings, conclusions and memorandum and without notice to either counsel, the referee filed his decision on March 24, 1981. The employer's counsel filed proposed find-

ings, conclusions and a memorandum on March 31, 1981.

The proceedings of the workmen's compensation authorities, including the referee's, are now governed by the Administrative Agency Law, Act of April 28, 1978, P.L. 202, 2 Pa. C. S. §101 *et seq.* Among those requirements at 2 Pa. C. S. §506, is:

> *Briefs and Oral Argument*
>
> All parties shall be afforded opportunity to submit briefs prior to adjudication by a Commonwealth agency. Oral argument upon substantial issues may be heard by the agency.

A rule of administrative practice and procedure in matters before workmen's compensation referees, at 34 Pa. Code §131.61, provides pertinently:

> (a) The referee may require or the parties may submit proposed findings of fact, conclusions of law and legal briefs or memoranda to the referee for his review and consideration.
>
> (b) All submissions referred to in subsection (a) must be made within the time set by the referee, but except in extraordinary cases, not later than 45 days, following the completion of the evidentiary portion of the case.

However, the statute and regulations say that the parties may file written support of their contentions prior to adjudication.

The employer complains that the referee's action in handing down his order before the employer's proposed findings of fact, conclusions and memorandum of law were filed, denied it the right to a full hearing in violation of the statute and regulations just cited. In *Bengal v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971), we set aside an order of an agency handed down before the appellant's counsel had had an opportunity to file a brief.

We emphasized there the requirement of Section 33 of the then Administrative Agency Law, Act of June 4, 1945, P.L. 1388, that all parties "be afforded opportunity to submit briefs prior to adjudication"—a provision of statute now supplied by 2 Pa. C. S. §506. In *Nelson v. Smith,* 9 Pa. Commonwealth Ct. 172, 305 A.2d 790 (1973) we set aside a workmen's compensation award and remanded where counsel requested and was granted permission by the Workmen's Compensation Appeal Board to file a brief five days after the receipt of his opponent's brief but the board decided the case without the benefit of any briefs. In *Duquesne Light Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 92, 416 A.2d 651 (1980), we described the action of the referee making his decision before receiving the brief of a party who had requested and received leave to submit one, as being contrary to 2 Pa. C. S. §506.

The claimant erects an argument based on the provision at 34 Pa. Code §131.61(b), requiring submissions to be made not later than forty-five days following the completion of the evidentiary portion of the case. If the claimant's counsel observed the rule by filing his proposed findings, conclusions and memorandum within forty-five days after the last scheduled hearing, he does not say so in his response to the employer's written argument. Further, February 27, 1981, when the employer's counsel asked to have until the end of March to file his submission is a date about 120 days after the last scheduled hearing. This suggests that neither the parties nor the referee were giving much attention to 34 Pa. Code §131.61(b).

We therefore set aside the Workmen's Compensation Appeal Board's order and the referee's decision and remand the matter for further proceedings before the referee and the board, and disposition on the en-

tire record, including the employer's proposed findings of fact, conclusions and memorandum of law. Jurisdiction is relinquished.

### ORDER

AND Now, this 26th day of May, 1983, the order of the Workmen's Compensation Appeal Board and the decision of the referee are set aside and the matter is remanded for further proceedings before the referee and the board and a disposition on the entire record, including the employer's proposed findings, conclusions and memorandum. Jurisdiction is relinquished.