612 A.2d 628

**Nicholas CARBONETTA, Petitioner,**

v.

**WORKMEN's COMPENSATION APPEAL BOARD (WESTINGHOUSE ELECTRIC CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 15, 1992.

Decided July 6, 1992.

Robert F. Kuhn, for petitioner.

Marshall A. Haislup, III, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Nicholas Carbonetta appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of the referee which granted the termination petition of Westinghouse Electric Corporation (employer).

The claimant suffered a work-related injury on June 6, 1975, and received compensation. The employer filed a termination petition on December 5, 1983. Upon closure of the record on June 15, 1988, the referee directed that the claimant file proposed findings of fact within twenty days of the employer's submission of its proposed findings of fact.[1] On September 6, 1988, eighty-three days after the close of the record, the employer submitted its proposed findings of fact and conclusions of law. On September 23, 1988, a few days prior to the referee-imposed twenty day deadline, the claimant sought and obtained from the employer a fifteen day extension for submission of his proposed findings. The claimant neither sought the referee's permission for this extension nor informed him of the parties' agreement and on October 11, 1988, submitted his proposed findings and conclusions of law to the referee. However, on October 5, 1988, the referee issued his decision reciting verbatim the employer's submitted findings of fact and conclusions of law. The claimant appealed the referee's decision alleging a due process violation. The Board affirmed

1. Although there is no evidence in the record to substantiate this directive, both parties concede that it was given. Neither party indicates that the referee set a deadline for the submission of the employer's findings of fact.

the referee's decision and the claimant appeals from the Board's order.

The determinative issue raised on appeal is whether the application of Section 131.61 of the Pennsylvania Code requires a remand of this case. 34 Pa.Code § 131.61. Section 131.61 provides that

(a) The referee may require or the parties may submit proposed findings of fact, conclusions of law, and legal briefs or memoranda to the referee for his review and consideration.

(b) All submissions referred to in subsection (a) must be made within the time set by the referee, but except in extraordinary cases, not later than 45 days, following the completion of the evidentiary portion of the case.

*Id.* § 131.61(a)(b)[2].

The claimant argues that *Township of Newtown v. Workmen's Compensation Appeal Board (Newby)*, 74 Pa.Commonwealth Ct. 474, 459 A.2d 1372 (1983), controls. In *Newby*, four months after the last hearing and sometime after the claimant's submission of proposed findings, the employer submitted a letter to the referee and opposing counsel indicating that it planned to submit proposed findings by the end of the following month. Neither the referee nor opposing counsel responded to the letter. The referee filed his decision prior to the employer's submission. The employer appealed alleging that the issuance of the referee's decision prior to the submission of the employer's findings denied it the right to a full hearing. This Court agreed and, having found that "neither the parties nor the referee were giving much attention to 34 Pa.Code § 131.61(b)," *id.* at 478, 459 A.2d at 1374, remanded the matter for further proceedings on the entire record, including the employer's proposed findings.

In its opinion, however, the Board found *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa.Commonwealth Ct. 380, 467 A.2d 913 (1983), controlling. The claimant had appealed alleging a violation of her due

2. The foregoing is the text of Section 131.61 applicable during the course of these proceedings.

process rights because she was not given an opportunity to submit proposed findings of fact. This Court affirmed the order of the Board noting that nothing in Section 131.61 mandates that the referee allow the submission of proposed findings. Significantly, the claimant had not indicated to the referee her desire to submit findings. Likewise, in *Borough of Media v. Workmen's Compensation Appeal Board (Dorsey)*, 134 Pa.Commonwealth Ct. 573, 580 A.2d 431 (1990), following *Sledge*, this Court found that the employer's letter informing the referee that it would be submitting findings was not an expression of a "desire" to do so because the employer had not sought the permission of the referee to make the submission at all, let alone fifty-five days after the referee closed the record upon the claimant's request and submission of proposed findings.

Because the referee's twenty day directive here suggests that he anticipated a submission by both parties, we find *Newby* controlling. The fact that the claimant did not seek the referee's permission to exceed the deadline does not bring this case within *Sledge*.

Although it is not clear that the referee envisioned a submission window different from that imposed by Section 131.-61(b), we cannot assume that the referee presumed that the employer would submit its proposed findings well within the forty-five day period so as to enable the claimant to make his submission in compliance with both the referee-mandated twenty day period and the forty-five day period mandated by Section 131.61(b). Further, the referee relied on the employer's findings and conclusions submitted more than a month after the expiration of the Section 131.61(b) deadline.

Additionally, it is apparent that neither party operated within the submission window established by Section 131.61(b). The employer's submission was clearly not timely and the claimant, although assumedly influenced by the referee's directive, nevertheless did not attempt to make a submission in compliance with Section 131.61(b).

Accordingly, we remand the matter for further proceedings on the entire record, inclusive of both parties' submissions.

## ORDER

AND NOW, this the 6th day of July, 1992, the order of the Workmen's Compensation appeal Board and the decision of the referee are set aside and the matter remanded for further proceedings and disposition on the record, including the employer's and the claimant's proposed findings of fact and conclusions of law.

Jurisdiction relinquished.