## PAUL TROTTA *v.* BOARD OF EDUCATION OF THE TOWN OF PLYMOUTH
## (11643)

O'CONNELL, LANDAU and FREEDMAN, Js.

Argued June 8—decision released August 10, 1993

*Ronald Cordilico,* for the appellant (plaintiff).

*Thomas N. Sullivan,* for the appellee (defendant).

*Patrice A. McCarthy* filed a brief for the Connecticut Association of Boards of Education as amicus curia.

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court dismissing his appeal from a decision of the defendant Plymouth board of education (board) terminating his employment. On appeal, the plaintiff claims that the trial court improperly concluded that (1) the board's decision to terminate his teaching contract was not illegal, arbitrary or capricious, and (2) the board did not violate his due process rights by refusing to permit him to file a posthearing brief in support of his claim. We affirm the judgment of the trial court.

The plaintiff was employed by the board as a teacher who held the nonadministrative position of system library media specialist. The plaintiff was certified as a librarian and was also certified as an administrator. At all times, however, he was a member of the teachers' bargaining unit. In September, 1991, after proper notice and a hearing, the board terminated the plaintiff's employment because it had eliminated the position of system library media specialist due to budget cuts. The board also determined that there were no other teaching positions to which the plaintiff could be assigned pursuant to the reduction in force procedure in the collective bargaining agreement between the board and the teachers' union. The plaintiff claimed nonetheless that, pursuant to the terms of the collective bargaining agreement between the board and school system administrators, he was entitled to "bump" or displace one of the four less senior administrators employed by the board. The board disagreed, finding that the reduction in force provision in the collective bargaining agreement between the board and the school administrators' bargaining unit "has no relevancy to this proceeding."

The plaintiff appealed to the Superior Court pursuant to General Statutes § 10-151 (f), claiming that he was denied his right to displace a less senior administrator

and that he was denied due process since he was not able to submit a written brief after the conclusion of his dismissal hearing. After the trial court dismissed his appeal, the plaintiff appealed to this court.

I

The plaintiff first claims that because he is a teacher who is also certified as an administrator he had a right to bump an administrator of lesser seniority when the board determined that it would terminate his teaching contract. He argues that the board's decision was illegal, arbitrary and capricious because his qualifications were not compared to those of at least four administrators who have less seniority than the plaintiff. The plaintiff contends that the right of teachers to bump administrators follows from our decision in *Connecticut Education Assn.* v. *State Board of Labor Relations,* 5 Conn. App. 253, 498 A.2d 102, cert. denied, 197 Conn. 814, 815, 499 A.2d 804 (1985). We do not agree.

The Teacher Tenure Act provides in pertinent part: "The contract of employment of a teacher who has attained tenure shall be continued from school year to school year, except that it may be terminated at any time for . . . elimination of the position to which the teacher was appointed or loss of a position to another teacher, if no other position exists to which such teacher may be appointed if qualified, provided such teacher, if qualified, shall be appointed to a position held by a teacher who has not attained tenure, and provided further that determination of the individual contract or contracts of employment to be terminated shall be made in accordance with either (A) a provision for a layoff procedure agreed upon by the board of education and the exclusive employees' representative organization or (B) in the absence of such agreement, a written policy of the board of education." General Statutes § 10-151 (d) (5). In *Connecticut Education Assn.* v. *State*

*Board of Labor Relations,* supra, this court addressed the question of whether a displaced administrator is entitled to bump a classroom teacher. In interpreting the Teacher Tenure Act to permit such cross-bargaining unit displacement, we agreed with the following conclusions of the state board of labor relations: "[I]n the Teacher Tenure Act no preference is expressed for the retention of teacher unit teachers over displaced administrator unit teachers . . . . [T]he clear legislative intent is that administration unit teachers are to have the same degree of employment security as teacher unit personnel including the right to bump in accordance with a layoff procedure . . . . [T]eachers, whether in the administrative unit or teacher unit, are to be treated equally as members of the same class and administrators who are displaced must be given the same right to bump teachers in the teachers unit as are members of that unit." Id., 269. In resolving the question presented in *Connecticut Education Assn.,* we concluded that "[t]he single determinative issue of statutory interpretation rests firmly on the creation of one class of teachers, some of whom are administrators, and all of whom have equal bumping rights *as teachers.*" (Emphasis added.) Id.

This court's conclusion—that teachers and administrators are one for reduction in force purposes—was made and must be understood within the context of deciding whether administrators, who are teachers under the Teacher Tenure Act, may bump teacher unit members. Nowhere in our decision in *Connecticut Education Assn.* did we state or imply that teacher unit members have a corollary right to bump administrators. Thus, in *Connecticut Education Assn.,* we noted that it was "significant that the position which the competing applicants would be seeking [was] a position in the teacher's unit." Id., 273.

The bumping right sought by the plaintiff, however, would necessarily limit the board's managerial discretion in ways not raised by the bumping rights at issue in *Connecticut Education Assn.* Our Supreme Court has recognized that wholly different considerations come into play when the issue revolves around the administrative personnel decisions of a board of education; *Delagorges v. Board of Education,* 176 Conn. 630, 636, 410 A.2d 461 (1979); and the related discretion of a board and school administrators to determine and to implement educational policy. *West Hartford Education Assn. v. DeCourcy,* 162 Conn. 566, 583, 295 A.2d 526 (1972). In the absence of explicit legislative direction, the Teacher Tenure Act should not be interpreted to interfere with the board's role in developing and implementing educational policy. *Delagorges v. Board of Education,* supra. Permitting teachers to bump administrators would do just that and would, contrary to the intent of the Teacher Tenure Act, "carry substantial potential for administrative chaos." Id.

This concept of managerial discretion has been utilized by the courts of Minnesota and California to reject the argument that a teacher may bump into the administrative ranks. In *Haak v. Board of Education,* 367 N.W.2d 461, 467 (Minn. 1985), the court concluded: "[A] person whose position has been discontinued does not have any right to reassignment to a . . . position that involves added duties and responsibilities and occupies a higher place, rank, and standing. . . . The history and purpose of the [Minnesota] Teacher Tenure Act disclose that the Act has in mind not only the prevention of arbitrary demotions and discharges of teachers but also, balanced against this purpose, the need to allow the school board enough latitude to administer effectively the operation of the public schools. . . . Here, where we are considering high administrative, nonclassroom posts affecting school

management, we conclude that imposition of reassignment rights to promotional positions would be unduly disruptive of managerial discretion . . . ." (Citations omitted; internal quotation marks omitted.) Similarly, in *Palos Verdes Faculty Assn.* v. *Governing Board,* 183 Cal. Rptr. 196, 199 (Cal. Ct. App. 1982),[1] the court reasoned: "The relationship between top administrators and second and third level administrators is an intimate one based upon trust, confidence, and cooperation. . . . Administrators have no vested rights to administrative positions, but only to their respective classroom positions . . . and the converse is also true. That is, no classroom teacher threatened with layoff has a right to usurp the position of an administrator because the administrator's position on the teachers' seniority list is junior to his. Nor can it be seriously contemplated that the administrative position should be left vacant after the incumbent is perforce discharged to comply with appellants' theory [that the statute requires layoff of less senior administrators unless there are no teachers with greater seniority who could perform the duties of the administrator]. . . . If a district must risk invalidating dozens of otherwise proper layoffs in order to choose its administrators, the discretion to select administrative personnel becomes very limited." (Citations omitted; internal quotation marks omitted.) These considerations are no less applicable to the interpretation of our Teacher Tenure Act. See *Delagorges* v. *Board of Education,* supra.

Accordingly, the plaintiff's challenge to the board's decision to terminate his teaching contract must fail.

---

[1] Following initial release of *Palos Verdes Faculty Assn.* v. *Governing Board,* 183 Cal. Rptr. 196 (Cal. Ct. App. 1982), the California Supreme Court directed that it be omitted from publication in the official reports. See 132 Cal. App. 477 (1982). The reasoning of that decision is nonetheless applicable to the issue presented in the present appeal.

## II

The plaintiff's next claim requires little discussion. The plaintiff contends that the trial court improperly concluded that the board did not violate the his due process rights when it denied his request to submit a posthearing brief. We disagree.

Due process "does not guarantee any particular form of state procedure. Due regard must be had to the nature of the proceeding and the individual right affected by it." *Katz* v. *Brandon,* 156 Conn. 521, 537, 245 A.2d 579 (1968). Nonetheless, "[c]onstitutional principles permit an administrative agency to organize its hearing schedule so as to balance its interests in reasonable, orderly and nonrepetitive proceedings against the risk of erroneous deprivation of a private interest." *Concerned Citizens of Sterling, Inc.* v. *Connecticut Siting Council,* 215 Conn. 474, 486, 576 A.2d 510 (1990). Thus, due process is afforded where the opportunity to present argument in support of a claim is either oral *or* written. *Morgan* v. *United States,* 298 U.S. 468, 481, 56 S. Ct. 906, 80 L. Ed. 1288 (1936).[2]

Here, the board denied the plaintiff's request to submit a written brief, noting that "there has been sufficient notice of the hearing and adequate time to prepare and to present to the board of education whatever argu-

---

[2] The plaintiff's reliance on *Bengal* v. *State Board of Pharmacy,* 2 Pa. Commw. 347, 279 A.2d 374 (1971), is misplaced. The requirement of a posthearing brief recognized in *Bengal* was based primarily on statutory grounds. To the extent that the *Bengal* court recognized a constitutional basis for its decision, it did so under circumstances where less than the full board was present at the hearing. Under such circumstances, a posthearing brief may be necessary to fulfill the due process requirement that "[t]he one who decides must hear." *Morgan* v. *United States,* 298 U.S. 468, 481, 56 S. Ct. 906, 80 L. Ed. 1288 (1936); *Stevens* v. *Hartford Accident & Indemnity Co.,* 29 Conn. App. 378, 385, 615 A.2d 507 (1992). In this case, unlike *Bengal,* only those board members present for the entire hearing were allowed to participate in the decision-making process.

ments and positions and case law or citation that you (the plaintiff) feel is necessary." The plaintiff does not dispute these conclusions. While we do not disagree that, as a tenured teacher, the plaintiff had a property interest in continued employment protected by constitutional due process; *Lee* v. *Board of Education,* 181 Conn. 69, 72, 434 A.2d 333 (1980); we conclude that the plaintiff's opportunity to be heard was adequately protected by the opportunity to present oral argument to the board at the conclusion of the hearing.

The judgment is affirmed.

In this opinion the other judges concurred.