Kenneth L. Moyer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*James Bukac,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, July 17, 1978:

This is a petition for review filed by Kenneth L. Moyer (Claimant) from an order of the Unemploy-

ment Compensation Board of Review (Board), dated January 4, 1977, which sustained a referee's determination that Claimant had been properly discharged for wilful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), and was, therefore, ineligible for benefits.

The Claimant was employed by Lloyd's Golden Dawn (Employer) as a meat cutter from December 27, 1975, until his discharge on August 9, 1976. Claimant filed a claim for unemployment compensation benefits, which was denied by the Bureau of Employment Security (Bureau). Claimant appealed the Bureau decision and had a hearing before the referee. The Claimant was unrepresented by counsel at the referee's hearing. The referee's decision, entered on September 24, 1976, found that Claimant was ineligible for benefits because his discharge had been due to wilful misconduct. Claimant appealed the referee's decision to the Unemployment Compensation Board of Review (Board). Claimant secured legal counsel who wrote the Board on October 27, 1976, and requested that the Board supply him with a copy of the transcript of the referee's hearing. Counsel indicated in his letter that he desired the transcript so that he would be in a position to adequately prosecute an appeal to the Board. The Board, on January 4, 1977, entered its adjudication affirming the referee's decision, without first furnishing counsel for Claimant a copy of the transcript of the referee's hearing. Claimant then appealed to this Court.

Claimant now contends that due process was denied because the Board failed to supply him with a transcript of the referee's hearing prior to the Board's entering its decision. Claimant argues that he was foreclosed from submitting a brief or making oral ar-

gument, since his counsel did not have the transcript. We agree with Claimant that he was denied due process of law.

The Board's regulations found at 34 Pa. Code §101 .71 require transcribed copies of the record to be furnished to a party to a proceeding upon request. *See also* 34 Pa. Code §101.54(b). In the instant case, the request by counsel that the Board supply him with a copy of the transcript indicated an interest in presenting oral or written argument, the opportunity for which was effectively denied when the Board entered its adjudication. The case of *Bengal v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971), relied on by the Claimant, is clearly applicable in this regard. In an opinion by Judge WILKINSON, we held that failure of an administrative agency to give a party the opportunity to file a brief prior to adjudication is a denial of a statutory right given by Section 33 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.33[1] and also a denial of constitutional due process.[2]

Therefore, the order of the Board is set aside and this case is remanded to the Board to give Claimant a reasonable length of time to file a brief after he has been provided with a transcript of the hearing and, if the Board will permit, to fix a date when oral argument may be heard by it on the issues in this case.

ORDER

AND Now, this 17th day of July, 1978, the order of the Unemployment Compensation Board of Review,

---

[1] "All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues may be heard by the agency."

[2] In *Bengal,* the appellant merely requested that he be notified when the testimony had been transcribed.

dated January 4, 1977, is set aside and this case is remanded to the Board for further proceedings consistent with this opinion.