Sol Sacks, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 7, 1981:

Sol Sacks (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee and found Claimant ineligible for unemployment compensation benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had been employed as a cutter of men's suits by Pincus Brothers-Maxwell (Employer) for eighteen years when, on February 19, 1979, he was discharged after being cited for improperly cutting a sleeve. Claimant applied for and was granted unemployment compensation benefits by the Bureau (now Office) of Employment Security. The Employer appealed and, after a hearing, a referee reversed the Bureau's decision and disallowed benefits finding that Claimant's deteriorating work performance constituted willful misconduct under Section 402(e) of the Law. On appeal, the Board granted Claimant's request for a remand hearing.

After the remand hearing, which was held on August 19, 1979, Claimant's counsel requested a transcribed copy of the record of the testimony. The transcript was forwarded to counsel on October 2, 1979 with directions that oral argument be requested by October 12, 1979 if such argument was desired. Oral argument was timely requested in writing on October 10 and Claimant's counsel was notified that he would be contacted if oral argument was granted by the Board and that if it was not Claimant would receive the Board's decision in due course. On October 16, 1979, Claimant's counsel requested notice as to whether oral argument would be granted so that, if denied, a written brief could be submitted. The Board issued its decision on October 17, 1979 without notifying Claimant as to its decision with respect to oral argument.[1]

---

[1] Counsel for Claimant alleges in his brief that reconsideration of the Board's decision of October 17 was requested "alleging inter alia, that the Board failed to rule on [counsel's] request for argument", but was denied on November 1, 1979. We note that neither the request for reconsideration nor the Board's ruling were made a part of the record on appeal as is required by the Board's rules on procedure and practice. See 34 Pa. Code §101.111(b).

Claimant has raised several challenges to the Board's decision, however, the sole issue which we will consider at this time is whether the Claimant was denied due process of law when the Board issued its adjudication without notifying Claimant that his request for oral argument had been denied and without allowing time for Claimant to file a written brief in lieu of oral argument. We conclude that Claimant was denied due process of law.

The law is clear that, "All parties shall be afforded opportunity to submit briefs prior to adjudication by a Commonwealth agency. Oral argument upon substantial issues may be heard by the agency." Section 506 of the Administrative Agency Law, 2 Pa. C. S. §506. We have held that the failure of an administrative agency to afford a party the opportunity to file a brief prior to adjudication is a denial of the statutory right provided by the Administrative Agency Law, *supra*, as well as a denial of due process of law. *Moyer v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 553, 388 A.2d 772 (1978) and *Bengal v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971). Whether to grant *oral* argument is, as the Claimant concedes, within the discretion of the Board.

Rules of practice and procedure adopted by the Board provide as follows with respect to oral and written argument:

Whether or not another hearing is scheduled in connection with the further appeal, any of the interested parties may file a written request for oral or written argument. In response to such request, or on a motion by the Board, oral argument may be scheduled before the Board, at which time written briefs with five copies may be submitted for the consideration of the Board. Otherwise, the nor-

mal time allowed for submitting written argument shall be seven days from the date of the request, which, with the approval of the Board, may be extended due to extenuating circumstances. Each party shall be afforded the opportunity to reply to the arguments and contentions of the other parties.

34 Pa. Code §101.104(e).

It will be noted that the rule specifies no time limitation within which requests for oral or written argument are to be made. In the instant case, Claimant made his request for oral argument within the time allowed by the Board. Moreover, Claimant asked the Board to give him notice of its decision on his request for oral argument. Such notice would seem to be required because the rule is silent as to what occurs when oral argument is requested but *denied* by the Board.[2] Under the provisions of the rule, the *grant* of oral argument carries with it the right to file briefs. The Board would have us hold that since the Claimant could file briefs at any time without leave of the Board, Claimant has not been deprived of his right to do so. The argument loses sight of the fact that the rule provides that the parties shall file written requests for oral or written argument *and* specifies that briefs may be filed at the time of oral argument and within seven days of a request for written argument. Here, until the Board denied oral argument, there was no need for Claimant to request written argument, especially where the rule provides no time limit within which such request shall be made. By filing its decision

---

[2] The apparent reason for this omission is that prior to a 1979 amendment to the rule the grant of oral argument was mandatory, thus eliminating the possibility that oral argument would be denied and that a claimant would effectively be precluded from filing a written brief prior to adjudication. *See* 9 Pa. B. 250 (1979).

and order without giving Claimant notice of the denial of oral argument, the Board effectively denied Claimant his statutory and constitutional right to file a brief.[3]

We, accordingly, set aside the order of the Board and remand to the Board to allow Claimant a reasonable length of time to file a brief and for the Board's reconsideration of its decision and order in light thereof.

### ORDER

AND Now, this 7th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated October 17, 1979, Decision No. B-172802-C, is hereby set aside and this case is remanded to the Board for further proceedings consistent with this opinion.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[3] We note that Claimant's brief states that the Board's present procedure is to advise Claimant he has fifteen days from the receipt of the transcript to submit a written brief and set forth reasons why oral argument should be granted.