Virginia E. Luckhardt, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued January 31, 1983, before Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*Paul H. Titus,* with him, *Susan A. Gromis, Titus, Marcus & Shapira,* for petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE MacPHAIL, May 20, 1983:

Virginia E. Luckhardt (Petitioner) filed a claim with the State Employees' Retirement Board (Board) for additional credit entitlement for state service for the period from April 6, 1976 until February 5, 1980[1]

---

[1] This is the period of time mentioned at the Petitioner's hearing. Petitioner's brief filed with ths Court specifies the disputed time period to be from April 8, 1976 to September 24, 1979. The discrepancy arises by virtue of the fact that her employer notified Petitioner on April 8, 1976 that she would not be paid for services performed after April 5, 1976 and that Petitioner began a leave of

during which period of time Petitioner alleges she was employed as a librarian by California State College (College).[2] The matter was referred by the Board to a hearing examiner for an evidentiary hearing. Sometime after the hearing, on a date unknown to the Petitioner, the hearing examiner filed an opinion recommending to the Board that the Petitioner be credited with the additional time for the period from April 6, 1976 through September 24, 1979. Without further argument or hearing and apparently without giving the Petitioner a copy of the hearing examiner's opinion, the Board filed its own opinion denying Petitioner any additional credit for state time.

Petitioner contends to us that the Board reached its conclusion in this matter in violation of the general rules of administrative practice and procedure[3] made applicable to proceedings before the Board by its own regulations[4] and in violation of Section 504 of the Administrative Agency Law (Law), 2 Pa. C. S. §504. Petitioner also argues that the Board's findings are not supported by substantial evidence.

In its brief to this Court, the Board did not address the alleged procedural deficiencies but limited itself to the issue of substantial evidence. The Board does not deny that a copy of the examiner's report was not furnished to the parties nor does it deny that no opportunity was given to counsel to file briefs or present oral argument to the Board.

absence on September 24, 1979 but did not submit a formal resignation until February 5, 1980. The difference in dates is immaterial to our treatment of the threshold issue involved.

[2] From 1949 until 1972 Petitioner served as "head librarian". In 1972 Petitioner was given the title of "graduate librarian".

[3] 1 Pa. Code §§31.1-35.251.

[4] 4 Pa. Code §250.15 provides that formal proceedings before the Board are governed by 1 Pa. Code Part II which is comprised of Sections 31.1-35.251.

1 Pa. Code §35.207 provides that:

All proposed reports shall be filed with the office of the agency, which shall serve copies thereof upon all parties and staff counsel, whose appearances have been entered pursuant to §31.24 of this title (relating to notice of appearance).

The purpose of this requirement is to afford litigants the opportunity to file exceptions to such reports.[5]

While this Court has held that it is incumbent upon an agency to follow its own regulations, *Newport Homes v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975), in the instant case Petitioner convinced the examiner of the merits of her claim. We cannot see how she has been harmed by the Board's failure to furnish her with a copy of the report. While we do not condone the Board's deficiency in this regard, neither do we believe that the omission requires a reversal or a remand.

Section 504 of the Law guarantees to all parties a full and complete hearing. This requirement has been met in the instant case. We think Petitioner's citation to law is in error. It is Section 506 of the Law, 2 Pa. C. S. §506, that mandates that all parties shall be afforded an opportunity to submit briefs prior to adjudication by an agency. Petitioner states that our Court has held that an agency's failure to comply with this requirement is a denial of due process. She is correct. In *Sacks v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 208, 429 A.2d 136 (1981), *Moyer v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 553, 388 A.2d 772 (1978) and *Bengal v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971) our Court has reached that conclusion.

[5] See 1 Pa. Code §35.211.

In the instant case, however, we note that at the conclusion of the testimony before the examiner, Petitioner's counsel was informed by the examiner that if he wanted to present something by way of a memorandum of law, he could do so within a period of three (3) weeks. Counsel's response was "it would be within ten days and there is not much case law. I already looked." It is apparent to us that counsel did not take advantage of the opportunity afforded to him to file a brief and therefore Petitioner cannot now complain that her right to file a brief was foreclosed. In fact, the right was waived. As we noted in *Sacks*, it is only the right to file a brief that is mandated by the Law; the matter of oral argument is discretionary with the Board.

We conclude that the Board's procedures were not violative of Petitioner's constitutional rights.

We next examine the matter of substantial evidence. Petitioner has contended throughout the proceedings that although she was notified by the acting president of the College on April 8, 1976 that her employment status had been classified as "unauthorized leave" because she would not report to her assigned station and duties, and that she would not be compensated until she did so, she, nevertheless, was a state employee as that term is defined in Section 5102 of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5102,[6] until she began a leave of absence on September 24, 1979. It appears from the record that Petitioner continued to report to the library according to

---

[6] Section 5102 of the Code defines "State employee" pertinently as:

> Any person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis. . . .

the schedule she maintained prior to April 8, 1976 even though she was not compensated for her services for the reason that she would not report to her assigned duties. She made no contributions to the State Employees' Retirement Fund during this period of time nor were any contributions made on her behalf.[7]

The College contends that Petitioner's services at the library during the disputed period of time were as a volunteer[8] and that she was not supervised in any manner by College personnel nor was she directed to perform any services by anyone in a supervisory capacity. Petitioner argues that she did continue to perform services according to her prior custom.

Petitioner argues to us that "many" of the findings of the Board were inconsistent with those of the hearing examiner but just two are identified in her brief. The examiner found that Petitioner continued to perform services for the College. The Board found that although Petitioner "claimed" she performed services for the College, in fact, she responded to requests from two faculty members and took up projects she knew needed to be done. We fail to see any substantial inconsistency in these findings. The examiner also found that Petitioner worked a full

---

[7] Section 5102 of the Code defines an "active member" as:

A State employee who is contributing to the fund or a member on leave without pay for whom authorized contributions are being made to the fund.

The same section defines an "inactive member" as:

A member who is not making contributions, including a member on leave without pay for whom contributions are not authorized, but who has accumulated deductions standing to his credit in the fund and who is not eligible to become or has not elected to become a vestee or has not filed an application for an annuity.

[8] Petitioner's last formal contract with the College was for the period from September 1972 to May 1973. Her last compensation was for the pay period ending April 9, 1976.

seven hours per day and reported to her supervisors. The Board found that there was no indication of the actual hours or days per week Petitioner worked and that she did not report her hours to her supervisor. There can be no doubt that these are inconsistent findings, but it is clear from the Board's discussion that it accepted the fact that Petitioner was in the library doing something during the disputed period of time.[9] The underlying issue, however, is not the number or the regularity of Petitioner's hours, but in what capacity she performed the services, *i.e.* as a volunteer or as an employee.

It is quite apparent that the entire dispute arises from Petitioner's unwillingness to accept the consequences of a union agreement as it related to her duties. She maintained that because she was in an administrative position as head librarian, she was not bound by the agreement reached between the union and the College in 1972. After many efforts to resolve the situation the College finally took a course of action it believed to be consistent with the union agreement. Petitioner was urged by the College to file a grievance under the collective bargaining agreement in order to obtain a clarification of her position. She refused to do this.[10] Our reading of the record convinces us that there was substantial evidence to support the Board's crucial finding that the Petitioner was not a state employee during the disputed period of time. The Board, of course, was not obligated to accept the ex-

[9] For example, the Board acknowledged that Petitioner was at the circulation desk from 5:30 PM to 8:30 PM in the evenings, not because she was assigned work there but rather because it was her "old" assignment.

[10] Petitioner did file an action in the Federal District Court for the Western District of Pennsylvania under Section 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a) which action resulted in judgment being entered in favor of the College.

aminer's findings. The purpose of the hearing before the examiner was to provide a record and to receive a recommendation which the Board was not obligated to accept. Whether or not the Petitioner qualified as a State employee for the purpose of retirement benefits is a matter of law subject to our review. We are well satisfied that the Board reached the correct result in the instant case.

Order affirmed.

ORDER

The order of the State Employees' Retirement Board entered January 27, 1982 is affirmed.