Irene K. Trotz, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Irene K. Trotz, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employes' Retirement Board, Respondent.

Argued May 10, 1985, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*William F. Patterson*, for petitioner.

*Nicholas Joseph Marcucci*, Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 15, 1985:

Irene K. Trotz (Petitioner) appeals here from decisions of the State Employees' Retirement Board and the Public School Employes' Retirement Board which denied her the right to purchase credit from either the State Employes' Retirement System (SERS) or the Public School Employes' Retirement System (PSERS) for employment by the University of Pittsburgh (University). Petitioner's appeals from these adjudications were consolidated for argument before this Court.

Our scope of review in the instant case is limited to a determination of whether the decisions appealed from are in accordance with the law, whether there has been a violation of Petitioner's constitutional rights, whether appropriate administrative proceedings were followed by the Commonwealth agencies and whether all findings of fact necessary to support the decisions are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Whether Petitioner qualified as a State employee or a school employee for the purpose of retirement benefits is a matter of law which this Court may review. See *Luckhardt v. State Employees' Retirement Board*, 74 Pa. Commonwealth Ct. 393, 459 A.2d 1347 (1983).

Petitioner was employed by the Commonwealth in 1978, at which time she was a member of the SERS. She sought to purchase retirement credits[1] for her previous employment by the University from 1945 to 1950 and from 1956 through 1961.

---

[1] Retirement credits may be purchased pursuant to Sections 5504 and 5505 of the State Employees' Retirement Code, (SER Code), *as amended*, 71 Pa. C. S. §§5504 and 5505 and Sections 8323 and 8324 of the Public School Employees' Retirement Code (PSER Code), *as amended*, 24 Pa. C. S. §§8323 and 8324.

At issue before the State Employees' Retirement Board was whether Petitioner's employment by the University was either State service[2] or creditable non-state service.[3] Petitioner here argues only that said employment was State service.

Section 5102 of the State Employees' Retirement Code (SER Code), provides in pertinent part that a "State employee" is

[a]ny person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis, and shall include members of the General Assembly, and any officer or employee of the following:

(1) the Department of Education, State-owned educational institutions, community colleges, and The Pennsylvania State University, except an employee paid wholly from Federal funds . . . .

Petitioner would have us hold that the language in the above statute, "in any capacity whatsoever," must be construed to mean that she held a position of State employment in *some* capacity while working at the University by virtue of the fact that various governmental agencies promulgate regulations by which the University is bound. This we cannot do. Petitioner must have been *employed* by the Commonwealth in order to have earned retirement credit for State service[4] during her employment by the University. Petitioner failed to present any evidence whatsoever to

---

[2] Section 5102 of the SER Code, *as amended*, 71 Pa. C. S. §5102.

[3] Section 5304 of the SER Code, *as amended*, 71 Pa. C. S. §5304.

[4] State service is "[s]ervice rendered as a State employee." Section 5102 of the SER Code.

prove that she was employed by the Commonwealth. Section 5102 of the SER Code specifically names those who are included within the definition of State employee. Employees of the University are not mentioned, although employees of The Pennsylvania State University and other educational institutions are named as being included. Clearly the University is neither a State-owned educational institution nor a community college, and neither party so contends. We hold that employees of the University are not State employees for purposes of the SER Code. Petitioner was properly denied the opportunity to purchase retirement credits pursuant to the SER Code.

The Public School Employees' Retirement Board was called upon to determine whether Petitioner's employment by the University was either school service[5] or creditable nonschool service.[6] Petitioner now argues before this Court that said employment was school service.

Section 8102 of the Public School Employees' Retirement Code (PSER Code) provides in pertinent part that a "School employee" is "[a]ny person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis."

It is without dispute that the University during the times at issue was entirely a private institution of higher education. Subsequent to Petitioner's employment by the University, Section 2 of the University of Pittsburgh—Commonwealth Act, Act of July 28, 1966, Special Sess. No. 3, P.L. 87, *as amended*, 24

_____

[5] Section 8102 of the PSER Code, *as amended*, 24 Pa. C. S. §8102.

[6] Section 8304 of the PSER Code, 24 Pa. C. S. §8304.

P.S. §2510-202, established the University as a "state-related institution in the Commonwealth system of higher education." This act predated both the SER Code and the PSER Code, neither of which names the University in its provisions. We find this omission to be significant of a legislative intent that the University not be included within the coverage of either Code. In any event, employees of the University prior to the passage of the University of Pittsburgh—Commonwealth Act are clearly not entitled to purchase PSERS retirement credits for such employment.

Petitioner's argument that the University is a school "under the order and superintendence of the Department of Education," Section 8102 of the PSER Code, is clearly without merit. This is part of the definition of a public school. The fact that various Commonwealth regulations promulgated by the Department of Education may be binding upon the University does not alter the nature of the University from a private to a public institution. Indeed, permitting Petitioner's argument to prevail would mean that there are *no* private educational institutions within the Commonwealth, a patently absurd conclusion. We hold that Petitioner was properly denied the opportunity to purchase retirement credits pursuant to the PSER Code.

For the foregoing reasons, the decisions appealed from are affirmed.

## ORDER

The order of the State Employees' Retirement Board dated April 25, 1984, in the case of Irene Trotz is hereby affirmed.

The order of the Public School Employes' Retirement Board dated April 26, 1984, as revised, in the case of Irene Trotz is hereby affirmed.