129 Pa. Commonwealth Ct. 417 (1989)
565 A.2d 1246
PHILADELPHIA ELECTRIC COMPANY, Petitioner,
v.
COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Argued September 11, 1989.
Decided November 13, 1989.
*419 Paul Auerbach, Philadelphia, for petitioner.
Maribeth Wilt-Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.
DOYLE, Judge.
Philadelphia Electric Company (Employer) has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision granting unemployment compensation benefits to Patrick A. Henry (Claimant).
Claimant was employed by Employer as a probationary computer and electronics assistant technician from September 14, 1987 until his termination on June 29, 1988. As a condition of permanent employment, Claimant was required to pass a physical examination, which included a urine test to detect the presence of drugs in his system. Claimant was discharged for failing this physical examination when *420 he tested positive for the presence of cannabinoids (marijuana).
Claimant applied for unemployment compensation benefits which were denied by the Office of Employment Security (OES) on the grounds of willful misconduct. Claimant appealed and a hearing was held before a referee at which Claimant and two Employer representatives appeared. Ms. Spedding, a licensed physician's assistant, testified for Employer regarding the medical records Employer maintained. Claimant's first physical examination was on June 22, 1987, prior to his employment. He tested positive for cannabinoids at that time and was informed that he could be retested. On August 14, 1987, Claimant returned, was retested and was found to be drug-free. He was then hired by Employer as a probationary employee on September 14, 1987. On June 1, 1988, Claimant again underwent a physical examination, in anticipation of permanent employment. Ms. Spedding testified that the results of this third drug test were positive and Claimant was terminated on June 29, 1988.
In response to the referee's questions, Ms. Spedding admitted that she was not the person who had performed the June 1, 1988 physical, although she explained Employer's standard procedures and safeguards for obtaining urine samples for testing. The samples obtained were sent to an independent laboratory, which then forwarded the results to Employer. Employer produced copies of the laboratory reports for the three tests Claimant had undergone and Claimant voiced his objection to admitting the results of the last test, i.e. the physical on June 1, 1988. The referee overruled the objection and admitted all three exhibits "for whatever probative value they may have." (N.T. p. 10).
Claimant, who was unrepresented at the hearing, admitted to smoking marijuana at a graduation party in June of 1987. He denied any drug usage after that.
Following the referee's hearing, in the opinion and order which he subsequently filed, the referee granted benefits *421 because the only evidence Employer presented to prove that Claimant had used drugs during his probationary period was hearsay. The Board, adopting the referee's findings of fact and conclusions of law, affirmed the referee on Employer's appeal and also denied Employer's request for a remand hearing to present additional evidence regarding the authentication of the third lab report.
Before this Court, Employer raises three issues: 1) that the Board capriciously disregarded[1] its competent evidence of a positive drug test; 2) that the Board capriciously disregarded corroborative evidence of the drug test result; and 3) that the Board erred in denying its request for a remand hearing.
Employer first argues that the testimony was not hearsay and that a licensed physician's assistant should be competent to read test results of a state-licensed facility into the record, analogizing this situation to that of other expert witnesses who routinely refer to the reports of others in formulating their opinions. The distinction, of course, lies in the end product: on the one hand, the testimony is an expert's opinion grounded upon a foundation laid by another opinion; on the other hand, it is the testimony of a witness who merely reiterates and parrots the conclusions of another. In the latter situation, the testimony is hearsay, as it is a statement made by an out-of-court declarant which is offered to prove the truth of the matter asserted; it is not the testimony of an expert witness on the stand using his/her expertise. See Cleland Simpson Co. v. Workmen's Compensation Appeal Board *422 (Decker), 128 Pa.Commonwealth Ct. 62, 562 A.2d 981 (No. 1312 C.D. 1988, filed August 4, 1989).
Here, Ms. Spedding was reading into the record the test results of an unknown person to establish the truth of the very basis for Employer's termination of Claimant, i.e., the use of illegal drugs as established in the laboratory report. And, as the referee aptly pointed out, this testimony, along with the written report which it summarized, was the only evidence of record that Claimant used drugs after his admitted usage in June 1987.
Once having established that the testimony was hearsay, the rule in unemployment compensation cases is, of course, that hearsay evidence, properly objected to, is inadmissible. Walker v. Unemployment Compensation Board of Review, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976). Here, Employer makes a two-fold argument with respect to the admissibility of this evidence. It first argues that Ms. Spedding's testimony is admissible because Claimant did not object to it. Second, it argues that Claimant's eventual objection to its proffered exhibit of the results of the June 1, 1988 test was ineffective to preserve the hearsay issue, since Claimant did not mention hearsay as the grounds for his objection.
With respect to the first point, we cannot ignore the fact that the essence of the disputed testimony is Ms. Spedding's summary of the very information contained in the exhibit, to which Claimant did object when given the opportunity to do so. In addition, we note that the referee had warned this unrepresented Claimant during Employer's first witness' testimony not to interrupt while another party was testifying. Because of these two factors, we conclude that this hearsay evidence, consisting of both the exhibit and the testimony summarizing it, was properly objected to.[2]
*423 We must also reject Employer's argument with respect to the second point. When Claimant was asked whether he objected to Employer's exhibits, the following colloquy ensued between the referee and Claimant:
R: OK. We're back on the record. The Claimant has had an opportunity to view Employer's exhibits Two Three Four [Lab reports]. Do you have any objection to those exhibits being entered into the record?
AC: The last one, yeah.
QR: On what grounds?
AC: Well, I don't know that. It says that I have 675 matograms (phonetic) of, I guess that's marijuana, in my system. Which doesn't make any sense to me. For, well, I can't (INAUDIBLE) advise you.
QR: OK. You disagree.
AC: I disagree.
QR: You think the information is incorrect in here?
AC: Yes, I do. I do.
QR: And that's Employer Exhibit Four? We'll note your objection to that Exhibit, sir. The documents will be entered for whatever probative value they may have. Now, Miss Spedding, did the Claimant agree, on all three occasions, to submit to the testing voluntarily.
AEW1: He has signed the authorization, that said that he gives his permission. (N.T. at 10) (Emphasis added.)
Citing In Interest of Davis, 377 Pa.Superior Ct. 46, 546 A.2d 1149 (1988), petition for allowance of appeal granted, 521 Pa. 609, 557 A.2d 341 (1989), Employer argues that Claimant has waived the right to now assert a hearsay objection, because his "specific objection" was that he "disagreed" with the test results. While we note the general rule that "`[w]here the reason upon which an objection is based is specifically stated . . . all other reasons for exclusion are waived,'" Commonwealth v. Maroney, 423 Pa. 113, 119, 222 A.2d 856, 860 (1966) (citation omitted), we do not believe that Claimant's vague objection can be characterized as such a specific objection. Furthermore, the strict *424 rule of procedure articulated in Maroney was applied in a criminal trial (murder) in a court of general criminal jurisdiction (Court of Oyer and Terminer of Fayette County) presided over by a judge "learned in the law." The case before us, of course, involves a Commonwealth agency's administrative hearing, which is governed by Section 505 of the Administrative Agency Law, 2 Pa.C.S. § 505, which instructs: "Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received." The strict rule of Maroney, therefore, has no application here.
Further, In Interest of Davis upon which Employer relies is not helpful. That case concerned a probation revocation hearing for a juvenile conducted by the Philadelphia Common Pleas Court and the issue on appeal was the admissibility or nonadmissibility of hearsay statements to which there had been a specific objection made by the juvenile's attorney. The Superior Court held that a probation revocation hearing was somewhere between an adjudicatory proceeding (where extra-judicial statements would not be admissible under the Juvenile Act, 42 Pa.C.S. § 6338(b)), and a dispositional hearing (where such statements would be admissible under Section 6341(d) of the same Act, 42 Pa.C.S. § 6341(d)), and concluded that the hearsay statements should be excluded. The court said, "[in] view of the substantial liberty interests which exist in not having probation revoked on the basis of unverified facts or erroneous information, we conclude that due process considerations entailing the right to confront and cross-examine an accuser must extend to probation revocation proceedings for a juvenile." In Interest of Davis, 377 Pa.Superior Ct. at 53, 546 A.2d at 1153. These principles, and statutes have no application here.
Employer's final argument is that the Board erred in refusing its request for a remand hearing. With this argument, we must agree.
*425 The Board argues in its brief that the proper remedy to cure the hearsay problem was for Employer's counsel to have requested a continuance, not to have waited until after an adverse referee's decision and then requested a remand from the Board. To pose a rhetorical question: why should counsel ask for a continuance to qualify the reports that had been admitted by the referee?
We believe counsel was clearly misled into believing that the results of the reports, which unquestionably were relevant, were admitted for their natural probative value, which could only be to establish that Claimant was using drugs. For the referee to discredit completely and eviscerate the value of the only relevant evidence on this issue on the grounds that the reports were hearsay after they had been once admitted, was, we believe, prejudicial to Employer. We shall, therefore, order a remand on the basis of an abuse of discretion by the Board under 34 Pa.Code § 101.104(c)(2) which requires a "fair hearing under the rules." See Sacks v. Unemployment Compensation Board of Review, 59 Pa.Commonwealth Ct. 208, 429 A.2d 136 (1981).

ORDER
NOW, November 13, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated. The decision of the Board denying the Petitioner's application for a remand hearing is reversed and this case is hereby remanded for further proceedings consistent with this opinion.
Jurisdiction relinquished.
NOTES
[1] We note at the outset that the "capricious disregard" standard is not applicable here, where both parties have presented evidence. Rather, our scope of review is to determine whether constitutional rights have been violated, whether the Board has committed an error of law, or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; Kirkwood v. Unemployment Compensation Board of Review, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987); see also Russell v. Workmen's Compensation Appeal Board (Volkswagen of America), 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).
[2] Because we have determined that the hearsay evidence was properly objected to, we need not consider Employer's argument that corroboration for the hearsay could have been produced had the referee disbelieved Claimant's denials of drug usage.