610 A.2d 525

**James M. McMASTER, Petitioner,**

v.

**DEPARTMENT OF COMMUNITY AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1992.

Decided May 27, 1992.

James M. McMaster, for petitioner.

No appearance for respondent.

Jan P. Paden, for intervenor, Township of Bensalem.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and KELLEY, JJ.

PALLADINO, Judge.

James M. McMaster appeals an order of the Department of Community Affairs (Department) which dismissed McMaster's complaint filed pursuant to the Local Government Unit Debt Act (Debt Act), Act of July 12, 1972, P.L. 781, *as amended,* 53 P.S. §§ 6780–101––6780–609.

The facts of this case are as follows. McMaster, a taxpayer of Bensalem Township (Township), Bucks County, filed with the Department a four-count complaint, in the form of a letter, which alleged violations of law by the Township in its enactment of an ordinance authorizing a $5,800,000 bond issue.

Specifically, McMaster alleged: (1) that a copy of the proposed ordinance approving the bond issue, including provisions regarding bond maturity dates and interest rates, was not available for public inspection prior to its adoption; (2) that the Township's decision to pass the ordinance was made prior to the June 10, 1991 meeting at which the Township council enacted the ordinance; (3) that the Bensalem Township Economic Development Corporation, which will supply the land and manage the construction to be paid for from bond proceeds, failed to provide public access to its records relating to the construction; and (4) that two of the five members of the Township council had conflicts of interest when voting on the bond ordinance.

The Township filed a motion to dismiss in the nature of a demurrer, and the Department appointed a presiding officer. After conducting a hearing, the presiding officer concluded that the Department was without jurisdiction to consider counts 2, 3, and 4 of McMaster's complaint.

As to the remaining count (public accessibility to a complete copy of the proposed ordinance approving the Township's bond issue), the presiding officer found that "the document available for public inspection ... contains blank spaces where exact financial details are to be added. Interest rate calculations and figures calculated from such rates are not provided."

Report of the Presiding Officer, at 2. Nevertheless, the presiding officer concluded that because the missing information is ordinarily not available until the actual passage of the ordinance, and because the Debt Act contemplates amendments to bond ordinances, count 1 of McMaster's complaint should also be dismissed.

After receipt of the presiding officer's report, the Department Secretary entered an order dismissing McMaster's complaint.

On appeal,[1] McMaster argues that: (1) the Department violated the Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 35.1–35.251, by issuing its order and serving the report of the presiding officer simultaneously, thereby precluding McMaster from filing exceptions with the agency head (here, the Department Secretary) pursuant to 1 Pa.Code § 35.211; (2) the Department erred by concluding it did not have jurisdiction to consider counts 2, 3, and 4 of McMaster's complaint; and (3) the Department erred by concluding that the copy of the proposed ordinance made available by the Township satisfied the strictures of the Debt Act.[2]

As to the first issue, McMaster argues that the Department in effect precluded him from filing exceptions because it filed its order at the same time it served him with the report of the presiding officer.

Section 35.207 of Title 1 of the Pennsylvania Code provides that:

Proposed reports shall be filed with the office of the agency, which shall serve copies thereof upon all parties....

1 Pa.Code § 35.207. Section 35.211, in turn, provides that participants desiring to appeal to the agency head shall,

---

1. Our scope of review in an appeal of an order of the Department under the Debt Act is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Property Owners, Residents and/or Taxpayers of the Pleasant Valley School District v. Pleasant Valley School District*, 100 Pa.Commonwealth Ct. 513, 515 A.2d 85 (1986).

2. The Department filed a notice of nonparticipation in McMaster's appeal, and the Township filed a notice of intervention.

"within 30 days after the service of a copy of a proposed report or other such time as may be fixed by the agency head," file exceptions to the proposed report.

In *Luckhardt v. State Employees' Retirement Board,* 74 Pa.Commonwealth Ct. 393, 459 A.2d 1347 (1983), where an agency failed to serve a copy of a proposed report of a hearing examiner on the petitioner therein, we declined to reverse or remand because the hearing examiner's conclusion was in petitioner's favor, and therefore petitioner was not harmed by the failure of service.

■ In the current case, McMaster was served with the report, albeit in a timeframe that, he argues, precluded his filing of exceptions. However, as in *Luckhardt,* McMaster has not asserted that he was harmed by the failure of the agency (here, the Department), except to allege that "Perhaps if the proper procedure had been followed, McMaster would have been able to persuade the [Department's] Secretary that the Motion to Dismiss should have ben [sic] denied...." McMaster's Brief, at 6. Such an argument calls for speculation.

Moreover, we can find no regulation that explicitly precludes the filing of exceptions even where an agency files its order during the thirty-day timeframe for filing exceptions specified in section 35.211.

Furthermore, even if the actions of the Department precluded McMaster from arguing his case directly to the Department Secretary by way of exceptions to the report of the presiding officer, there is no indication that McMaster filed an application for rehearing or reconsideration with the Secretary pursuant to section 35.241 of Title 1 of the Pennsylvania Code, 1 Pa.Code § 35.241. Such an application would have enabled McMaster to argue his case directly to the agency head. However, McMaster elected instead to pursue directly an appeal before this court.

Significantly, McMaster raises before this court both of the substantive issues of law he argues he would have raised to the Department Secretary, namely, the issues of the Depart-

ment's jurisdiction and the sufficiency of the proposed ordinance made available by the Township.

In sum, while "we do not condone the [Department's] deficiency" in failing to follow applicable regulations, *Luckhardt,* 74 Pa.Commonwealth Ct. at 396, 459 A.2d at 1348, we conclude that the Department's failure caused McMaster no harm, and that remand on this ground is not warranted in the circumstances of this case.

As to the second issue, McMaster argues that the Department erred by dismissing counts 2, 3, and 4 on the ground that the Department lacked jurisdiction to consider them. McMaster concedes that his position on this issue is contrary to *Property Owners, Residents, and/or Taxpayers of Pleasant Valley School District v. Pleasant Valley School District,* 100 Pa.Commonwealth Ct. 513, 515 A.2d 85 (1986), but argues that that case should be overruled.

In *Pleasant Valley,* we held that the Department's jurisdiction in a taxpayer complaint filed pursuant to the Debt Act is limited by section 901(b) of that act, 53 P.S. § 6780–401(b). That subsection by its terms restricts the Department's inquiry to procedural and substantive matters arising from proceedings of the local government unit taken pursuant to the Debt Act, involving: (1) the regularity of the proceedings; (2) the validity of the bonds; and (3) the legality of the purpose for which such obligations are issued. We interpreted the word "proceedings" as used in section 901(b) to mean solely "the steps necessary to gain approval of a bond issue. 53 P.S. §§ 6780–161 and 6780–354." *Pleasant Valley,* 100 Pa.Commonwealth Ct. at 521, 515 A.2d at 89. In the face of this statutory mandate of the Debt Act, we reaffirm the correctness of our holding in *Pleasant Valley,* and reject McMaster's argument that *Pleasant Valley* should be overruled.

As to the current case, counts 2, 3, and 4 of McMaster's complaint alleged violations of provisions of law other than "proceedings" under the Debt Act.[3] The Department is

---

**3.** The parties and the presiding officer have characterized counts 2, 3, and 4 of McMaster's complaint as alleging violations of the Sunshine

without jurisdiction to consider such allegations. *See, e.g.,* *Pleasant Valley* (violations of the Open Meeting Law, Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §§ 261–269 *(repealed* 1986), not within jurisdiction of the Department in a taxpayer complaint under the Debt Act).[4] Therefore, the Department correctly dismissed counts 2, 3, and 4 of McMaster's complaint for want of jurisdiction.

■ As to the third issue, McMaster argues that a copy of the full proposed text of the bond ordinance was not available for inspection at the office of the Township as required by section 103 of the Debt Act, 53 P.S. § 6780–3.[5] McMaster asserts that relevant financial figures were missing from the proposed text.

We addressed a similar issue in *Pleasant Valley,* where the petitioners argued that the local government unit violated section 103 because the copy of the proposed bond resolution available for public inspection was not the same as the resolution which was finally adopted. Noting that section 103 contemplated amendment of ordinances between public notice thereof and adoption, we held that the local government unit therein satisfied the strictures of section 103.

■ In this case, section 103 does not by its terms require that the copy of the full proposed text of the ordinance contain financial figures, figures which the presiding officer found were "ordinarily not available until the time of the actual passage of the ordinance. Interest rates may change

Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286 and of the State Ethics Act, Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. §§ 401–413. *See* Report of Presiding Officer, at 1; McMaster's Brief, at 2, 3, and 8; Township's Brief at 8 and 9.

4. McMaster essentially concedes in his brief that if *Pleasant Valley* is correct, then the Department has no jurisdiction to consider counts 2, 3, and 4 of his complaint. McMaster's Brief, at 7–8.

5. In his brief on this appeal, McMaster also asserts that the pre-enactment advertisement regarding the proposed bond ordinance was defective. However, McMaster did not raise the adequacy of the pre-enactment advertisement in his complaint. Nor does the report of the presiding officer indicate that this issue was raised at the hearing before the presiding officer. We are thus precluded from addressing this issue. *See* Pa.R.A.P. 1551(a).

daily, and the calculations that are based on those rates will be changed accordingly." Report of Presiding Officer, at 2. Moreover, even had the Township provided figures, our holding in *Pleasant Valley* makes clear that section 103 "contemplates the amendment of the ordinance between the public notice thereof and its adoption." We therefore conclude that the Department committed no error by dismissing count 1 of McMaster's complaint.

Accordingly, we affirm.

## ORDER

AND NOW, May 27, 1992, the order of the Department of Community Affairs in the above-captioned matter is affirmed.