Cornelius V. CAIN, Christopher P. Dwyer, Howard J. Simon,
Petitioners,

v.

## PUBLIC SCHOOL EMPLOYES' RETIREMENT SYSTEM,
Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Dec. 14, 1994.

William D. Mackolin, for petitioners.

Michael J. Luparello, Asst. Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

McGINLEY, Judge.

Cornelius V. Cain, Christopher P. Dwyer and Howard J. Simon (Petitioners) appeal the December 14, 1993, order of the Public School Employees' Retirement Board (Board) which denied their requests to purchase service credit in the Public School Employes' Retirement System (PSERS) for

teaching and administrative service they performed at the Main Line School (Main Line) and Hall Manor School (Hall Manor) which are approved private schools. We affirm.

Between 1968 and 1978, Cornelius Cain worked at Main Line as a teacher, assistant principal and principal. After leaving Main Line, Cain became a member of PSERS.

Between 1971 and 1978, Christopher Dwyer worked at Main Line as a teacher and administrative assistant. Dwyer also taught at Hall Manor from 1983 through 1987. Dwyer, likewise became a member of PSERS.

Between 1968 and 1978, Howard Simon worked at Main Line as a teacher and administrator. After leaving Main Line, he also became a member of PSERS. None of the Petitioners were participating in PSERS during their employment with Main Line or Hall Manor.

On October 7, 1988, Dwyer and Cain requested permission to purchase credit in PSERS for their service at Main Line and Hall Manor. This request was denied, and Cain and Dwyer appealed. Simon, who also requested retirement credit for his service at Main Line, was included in the appeal.

During the relevant periods of time, both Main Line and Hall Manor functioned as approved private schools. The Department of Education (DOE) partially reimburses approved private schools for expenses incurred in educating "exceptional" students from local school districts. Approved private schools must meet the rest of their expenses through fund-raising and tuition payments. Neither the Commonwealth, local school districts, nor any governmental entity pays for or provides benefits for the employees of approved private schools.

■ Petitioners raise one issue for this Court's review. Are they entitled to purchase PSERS retirement credit for their past employment with Main Line and Hall Manor approved private schools? They seek to purchase credit for their "previous school service" pursuant to the Public School Employ-

ees' Retirement Code (Retirement Code), 24 Pa.C.S. §§ 8101–8534. Specifically, Section 8303(c) of the Retirement Code reads: **"Purchase of previous creditable service.—Ev**ery active member of the system or a multiple service member of the State Employees' Retirement System on or after the effective date of this part may purchase credit and receive eligibility points as a member of Class T–C for previous school service...." 24 Pa.C.S. § 8303(c).

Petitioners allege that their service at Main Line and Manor Hall qualifies as "previous school service." Section 8102 of the Retirement Code defines the term "previous school service" as "[s]ervice rendered as a *school employee* including service in any summer school conducted by a school district of the Commonwealth prior to the member's most recent entrance in the system." [1] (emphasis added). Cain's most recent entrance into PSERS took place in 1978, Dwyer's most recent entrance was in 1987, and Simon's most recent entrance was in 1978. Therefore, as members of PSERS Petitioners are permitted to purchase retirement credit for their service at Main Line and Hall Manor if they rendered that service as "school employees."

Section 8102 of the Retirement Code defines "school employee" as "[a]ny person engaged in work relating to a *public school* for any *governmental entity* and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis." (emphasis added). 24 Pa.C.S. § 8102.

Therefore, to qualify as "school employees" Petitioners must show that their service at Main Line and/or Hall Manor: 1) was related to a "public school" and 2) was rendered for a "governmental entity."

Section 8102 of the Retirement Code defines "public school" as "[a]ny or all classes or schools within this Commonwealth conducted under the *order and superintendence* of the Department of Education [DOE] in-

---

1. The term "system" as used in the Retirement Code refers to PSERS. *See* 24 Pa.C.S. § 8102 for the definition of "System."

cluding, but not limited to: all educational classes of any employer charged with the responsibility of public education within this Commonwealth...." (emphasis added). 24 Pa.C.S. § 8102.

Unlike "public schools," approved private schools such as Main Line and Hall Manor are subject only to regulation by DOE rather than to the "order and superintendence" of that agency. DOE regulates private educational institutions like approved private schools pursuant to the Private Academic Schools Act (Act), 24 P.S. §§ 6701–6721.[2] Section 6702 of the Act defines the term "private academic school" in pertinent part as "a school maintained, or classes conducted, for the purpose of offering instruction for a consideration, profit or tuition ... the purpose of which is to educate an individual generally or specifically or to prepare an individual for more advanced study...." 24 P.S. § 6702. Approved private schools such as Main Line and Hall Manor fit within this definition and are distinct from "public schools."

For instance, while private schools are subject to comprehensive regulations they are not subject to the "order and superintendence" of DOE. In *Trotz v. Commonwealth of Pennsylvania, Public School Employees' Retirement Board*, 90 Pa.Commonwealth Ct. 388, 495 A.2d 650 (1985), this Court determined that state regulation is not sufficient to confer public school status upon a privately organized and administered school. Main Line and Hall Manor are simply not "public schools" as defined by the Retirement Code. To adopt Petitioners' position would mean that nearly all private school employees may assert public school employee status if they become members of PSERS. The intent of the legislature in enacting this Retirement Code provision was to authorize public school employees to purchase credit for their previous public school service, not for their private school service.

Furthermore, according to the Public School Code of 1949 which authorizes the utilization of approved private schools for the

education of "exceptional" children, the institutions at issue in this case are not "public schools."[3] In fact, the use of approved private schools for this purpose is discretionary. Approved private schools are merely one option that a public school district may utilize in educating "exceptional" children. The relevant statutes and regulations do not mandate the existence or use of approved private schools.

Petitioners' employment at Main Line and Hall Manor was not work related to a "public school" nor was it work rendered for a "governmental entity." Section 8102 of the Retirement Code defines "governmental entity" as follows: "[b]oard of school directors, board of public education, intermediate unit board of directors, area vocational-technical board, any governing board of any agency or authority created by them, and the Commonwealth." 24 Pa.C.S. 8102. Main Line and Hall Manor do not meet this definition.

■ In order to fall within the definition of "school employee" for the purposes of obtaining retirement credit, a member of PSERS must show that he or she was engaged in work relating to a "public school" for a "governmental entity." *Golebieski v. Public School Employes' Retirement Board*, 161 Pa.Commonwealth Ct. 127, 636 A.2d 268 (1993). We agree with the Board that Petitioners' employment at Main Line and Hall Manor was not work creditable to a "public school" and that they were not "school employees" as defined by the Retirement Code. Neither Main Line nor Hall Manor are "public schools" or "governmental entities" as the government defines those terms. Consequently, Petitioners cannot purchase credit towards retirement for their past service with these institutions. The Board's order is affirmed.

### ORDER

AND NOW, this 14th day of December, 1994, the order of the Public School Employees' Retirement Board in the above-captioned matter is affirmed.

---

**2.** Act of January 28, 1988, P.L. 24.

**3.** Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1372(3).

DELLA PORTA, Senior Judge, dissenting.

I respectfully dissent. Under present mandatory education law,[1] *all* children between the ages of six and twenty-one,[2] are mandated to attend public education school until graduation from high school, regardless of who runs the school. At the same time, government-run schools, generally referred to as "public schools," have the obligation to provide elementary and secondary education to all children unless they attend other authorized schools. This means that all properly licensed schools, government and non-government, perform the public function of providing public education to all children within mandatory requirement age. This makes every teacher in every such school a school employee rendering a public service.

Part of the Public School Code is the Retirement Code which gives to any teacher the right to purchase credit "for previous school service."[3] School service is defined as service rendered as a "school employee," which in turn is defined as any "person engaged in work related to a public school for any government entity and for which work he is receiving regular renumeration as ... an employee, excluding, however, any independent contractor or a person compensated on a fee basis."[4] The retirement Code also defines public school as "[a]ny or all classes or schools within this Commonwealth conducted under the order and superintendence of the Department of Education including but not limited to: all educational classes of *any employer* charged with the responsibility of public education...."[5] (Emphasis added.)

Clearly, these definitions indicate that the purpose and scope of the Public School Code is to provide all our children with the best education available by "any employer," whether we call it government or non-government, public or non-public. The name is not important, what they accomplish is.

To that end, statutory construction would require us to give the Code and all its definition, the widest interpretation to accomplish this desired end. In this very area of purchasing credit for previous service we have interpreted it so widely as to allow the purchase of time in the military service, which has nothing whatsoever to do with school service. How much more appropriate and legally indicated it would be to allow these Claimants to purchase credit for previous school service which they rendered by providing public education to children which the government had the obligation to provide but was not qualified or equipped to do. For the benefit of all children, such teachers and their schools should be encouraged and provided this kind of benefit because of the important and much needed service they render to the "public schools", as well as to the children themselves.

All of the cases cited by the majority are distinguishable on the facts and, therefore, not precedential for the instant case.

I would, therefore, reverse the order of the Board and direct it to permit Claimants to purchase credit for their previous school service.

---

1. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

