## ASSOCIATED WHOLESALE GROCERS, Appellant,

v.

## Samuel MONCRIEF and Division of Employment Security, Respondents.

### No. 21623.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 1997.

Gail S. Hudek, Jay M. Dade, Husch & Eppenberger, Kansas City, for appellant.

Marilyn Green, Cynthia Quetsch, Jefferson City, for Mo. Div. of Employment Security.

PARRISH, Presiding Judge.

Associated Wholesale Grocers (employer) appeals the award of unemployment compensation benefits to Samuel Moncrief (claimant). The Labor and Industrial Relations Commission (the commission) concluded that an item offered in evidence as a business record exception to hearsay was not admissible; that because it provided the only evidence supporting employer's claim that claimant violated its substance abuse policy, the evidence failed to show claimant was discharged for misconduct, and claimant was thereby entitled to unemployment benefits. This court reverses the determination of the commission and remands for reconsideration.

Claimant was selected for a random drug test. A urine sample was submitted to SmithKline Beecham Laboratories in Schaumburg, Illinois, for analysis. The sample tested positive for marijuana.

Following employer's receipt of the laboratory report, it terminated claimant's employment. Claimant filed a claim for unemployment benefits with the Division of

Employment Security (the division). The initial determination was that claimant was discharged for misconduct connected with his employment; that he was disqualified from receiving benefits for a period of five weeks.

Claimant appealed. A hearing was held before the division's appeals tribunal October 11, 1996. A copy of the report on which employer based its decision to terminate claimant's employment was admitted in evidence over claimant's objection. The report stated claimant tested positive for marijuana. Claimant's objection was treated as a hearsay objection.

The appeals tribunal issued its decision October 29, 1996. It reversed the ruling it had made at the evidentiary hearing concerning the admissibility of the copy of the laboratory report. It concluded the report was inadmissible hearsay. The decision stated that without the copy of the laboratory report in evidence, employer had not established by substantial competent evidence that claimant had a prohibited substance in his system on the date the specimen was taken. The initial determination that claimant was disqualified for benefits as a result of the discharge was reversed.

Employer filed an application for review before the commission. The commission affirmed the decision of the appeals tribunal. Its conclusions of law included:

> The competent and substantial evidence on the whole record supports a finding that claimant was discharged but not for misconduct connected with his work.

> . . . . .

> Employer's Exhibit No. 1, Page 6 [the copy of the laboratory report] provides employer's only evidence that claimant used marijuana. The document is not admissible as a business record exception to the hearsay rule. It did not contain an affidavit from the custodian of records from the laboratory. *State of Missouri v. Todd,* 935 S.W.2d 55, 59–61 (Mo.App. E.D. 1996). Since employer has provided no evidence that claimant used marijuana and claimant denied doing so, employer has not

met its burden of proving misconduct by competent and substantial evidence. *Business Centers v. Labor and Industrial Relations Commission,* 743 S.W.2d 588 (Mo. App.1988).

Employer presents two points on appeal. Point I asserts error by the commission in permitting the appeals tribunal to exclude, after the hearing had been concluded, previously admitted evidence; that the appeals tribunal's action denied employer due process of law in that employer was denied "reasonable opportunity at a fair hearing." Point I contends this was an erroneous interpretation of the law in excess of the commission's powers.

Point II contends the commission's finding that the copy of the laboratory report was not admissible evidence was erroneous; that the commission's determination was erroneous in that the commission relied "on an incorrect business record exception standard and, therefore, was an erroneous interpretation of the law."

This opinion will address only Point II. It is dispositive of the appeal.

The commission erred in relying on *State v. Todd, supra,* in ascertaining the applicable requirements for admitting business records as exceptions to hearsay in administrative proceedings. A different rule of law applies in administrative hearings than in trials before courts. *Todd* explains the requirements for business records offered in evidence in court proceedings as is provided by §§ 490.680—.692. *Todd* does not address evidentiary requirements in administrative hearings.

The rule of evidence applicable to business records sought to be introduced in administrative hearings conducted under provisions of chapter 536 [1] is set forth in § 536.070(10). Its requirements differ from the statutory requirements imposed by the commission. As explained in *State ex rel. Sure–Way Transp., Inc. v. Div. of Transp.,* 836 S.W.2d 23 (Mo.App.1992):

---

1. References to statutes are to RSMo 1994 unless stated otherwise.

Section 490.680[2] requires that "the custodian or other qualified witness" testify concerning how the document is prepared. Section 536.070(10) relaxes this requirement and permits admission of the document "if it shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such ... record at the time of such ... transaction ... or within a reasonable time thereafter." ... Section 536.070(10) further provides, "All other circumstances of the making of such ... record, *including the lack of personal knowledge* by the entrant or maker, may be shown to affect the weight of such evidence, but such showing shall not affect its admissibility." [Footnote omitted.]

*Id.* at 26–27. [Emphasis in original.]

The division argues, however, that chapter 536 does not apply to employment security hearings; that its review procedure is established by chapter 288. It cites language in *Greater Kansas, Etc. v. Div. of Emp. Sec.,* 583 S.W.2d 247, 249 (Mo.App.1979). That issue, however, need not be addressed. Section 288.190.2 provides that hearings conducted on claims for benefits "shall be in accordance with regulations prescribed by the division for determining the rights of parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure."

The regulations prescribed by the division appear in Title 8 of the Code of State Regulations. The procedure to be followed in appeal hearings with respect to the admissibility of business records is found at 8 CSR 10–5.015(11)(B)(5). It states:

Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of an act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if it shall appear that it was made in the regular course of any business and that it was the regular course of the business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time after that. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of the evidence, but the showing shall not affect its admissibility. The term "business" shall include business, profession, occupation and calling of every kind.

This is the same language found in § 536.070(10).

The commission's holding that the business record initially admitted in evidence failed because "[i]t did not contain an affidavit from *the custodian of records from the laboratory*" was based on an erroneous interpretation of law. Point II is granted.

Although this court does not address the issue presented by Point I, viz., whether the commission's post-hearing exclusion of the evidence originally admitted was proper, we note that issue, although not previously addressed in Missouri, was addressed by the state of Pennsylvania in *Phil. Elec. v. Unemp. Comp. Bd. of Rev.,* 129 Pa.Cmwlth. 417, 565 A.2d 1246 (1989). The Pennsylvania court found the procedure to be in violation of Pennsylvania statutory requirements requiring "a fair hearing under the rules." *Id.* 565 A.2d at 1249.

The commission's decision is reversed. This case is remanded for reconsideration and further proceedings consistent with this opinion.

MONTGOMERY, C.J., and BARNEY, J., concur.

**2.** The references to statutes in *Sure–Way* are to RSMo 1986. §§ 536.070(10) and 490.680, RSMo 1994, are the same as the 1986 revision of the statutes.